UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Zane Gray** <br> **7609 Quinn Spring Court** <br> **Adelphi, MD 20783** <br><br>     **Plaintiff ,** <br><br>     v. <br><br> **Universal Service Administrative Company** <br> **2000 L Street, NW, Suite 200** <br> **Washington, DC 20036** <br><br>     **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> :     Civil Action No. <br> : <br> : <br> : <br> : <br> : <br> :     June 5, 2007 <br> : |

## COMPLAINT

### JURISDICTION

1. The plaintiff brings this action for discriminating against her by terminating her employment because of her race and ancestry in violation of The Civil Rights Act of 1866 as amended, 42 U.S.C. §1981.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343(a)(3).

3. Venue in this district is appropriate pursuant to 28 U.S.C. §1391 because the acts of discrimination occurred in this judicial district and the defendant employed the plaintiff in this district.

### PARTIES

4. The plaintiff, Zane Gray, resides in Adelphi, Maryland and was at all times relevant herein an employee of the defendant.

5. Defendant, Universal Service Administrative Company, is a not-for-profit business

operating in the District of Columbia and offers affordable telecommunications services to the public.

**STATEMENT OF THE CLAIM FOR DISCRIMINATION AGAINST THE PLAINTIFF IN VIOLATION OF 42 U.S.C. §1981**

6. The plaintiff is a 43 year old black female who was born and raised in Jamaica. She has a BS degree in Accounting from the University of Maryland (1989). She was hired by defendant in June 2004 as a Senior Level Accountant.

7. The plaintiff successfully completed her probationary period and received a favorable performance evaluation in January 2005 and was given a pay increase.

8. Since June 2005, the plaintiff reported to Mike Wamganz (Caucasian male), who held the position of Accounting Manager. Before that she was hired and supervised by James Rodda, a Caucasian male.

9. Mr. Wamganz was out sick during much of September 2005, and although the accounting staff did what they could to cover for his absence, the accounting work was behind for the department. One Friday in October, the plaintiff stayed late to complete reconciliation of a financial statement that was overdue to be filed (through no fault of the plaintiff). Although her normal working time was till 6 pm, she finished the financial statement at 8:30, informed Mr. Wamganz that it was ready for him to review, and then she went home for the evening.

10. Later that same evening, Mr. Wamganz sent her an email expressing his annoyance that she left work for the evening without getting his express approval. The plaintiff did not receive this email until Monday morning when she returned to work. She responded that she needed to get home because of how late it was and that she had two young children

waiting for her at home.

11. On Thursday of that same week, Mr. Wamganz scheduled a meeting with the plaintiff and the Human Resource Manager, Irena Munoz (Russian born female), which was held in the conference room.   Mr. Wamganz presented the plaintiff with a written warning for allegedly leaving work early on several occasions.  Most of these were occasions where the plaintiff had requested to leave work early to pick up her children from day care.  However, as the plaintiff explained during the meeting, although she requested authorization to leave early on those dates, she only left early on two of the dates in question and was able to make alternative arrangements for the other days.   The meeting ended with Mr. Wamganz asserting that they would meet again the next day to resolve how they could work together in the future and avoid early departures, regardless of how compelling the reason.

12. Before the next day's meeting, the plaintiff learned that Defendant's HR Director, Paula Dinwidde, was going to be attending the meeting. The plaintiff was concerned that she would feel intimidated.  The plaintiff asked the defendant's attorney for employment, Scott Brash, as to whether she could bring a coworker witness to the meeting. Brash indicated that she could.

13. However, the plaintiff was later told by HR Director Dinwidde that she would not be allowed to bring a coworker to the meeting.   As the plaintiff attempted to explain to Ms. Dinwidde that she had received approval from the defendant's general counsel to bring a witness, Ms. Dinwidde became very angry with her, told her that she was an employee at will and that she could be terminated at any time and she was now being terminated.  Ms. Dinwidde ordered the plaintiff to step away from her computer. Dinwidde also instructed

   Ms. Munoz to box up the plaintiff's personal belongings and to escort the plaintiff out of the building.

14. The plaintiff had done nothing more than express her desire to have a representative present at the meeting with her and to remind the HR Director that she had checked with the general counsel and was told she could have a representative. Defendant's termination of the plaintiff for seeking to have assistance during the meeting treated the plaintiff less favorably than other employees who were not black and who were not born in Jamaica. These employees were given progressive notice of violations of the defendant's policies before being terminated. The plaintiff was terminated without notice and even though she had not violated any of the defendant's policies.

15. The plaintiff suffered tremendously from being terminated so peremptorily. She became anxious about her family and how she would be able to keep up with her financial obligations. She sought treatment from her physician regarding the increased stress caused by her termination and had symptoms of sleeplessness and pain. She also lost self esteem from the way she was treated.

16. In violation of 42 U.S.C. §1981, the defendant discriminated against the plaintiff by terminating her employment because of her race and ancestry without any business justification. The plaintiff had not violated any employer policies and was a good employee. She was treated less favorably than other employees who were not black and who were not born in Jamaica, and who are given progressive notice of violations before being terminated. The defendant also has offered shifting and pretextual reasons for the plaintiff's termination in order to conceal their true discriminatory intent.

17. As a result of the defendant's discrimination, the plaintiff has suffered damages in the

form of lost benefits and other attendant rights and privileges of his employment. She has also suffered anxiety, sleeplessness, humiliation, loss of self-esteem and enjoyment of life.

18. The defendants' actions were taken with malice and/or in reckless indifference of the plaintiff's federal rights.

## REQUEST FOR RELIEF

The plaintiff respectfully requests the Court to order the following relief:

    1.  Direct Defendant to reinstate the plaintiff and make her whole for all her losses of wages and benefits, with pre- and post-judgment interest;

    2.  Direct Defendant to compensate the plaintiff for the anxiety, sleeplessness, humiliation, loss of self-esteem and enjoyment of life she suffered from being discriminated against;

    3.  Direct Defendant to compensate the plaintiff for punitive damages because of its malice and/or reckless indifference to the plaintiff's federal rights;

    4.  Direct that Defendant pay the plaintiff reasonable attorneys fees and costs for the plaintiff having to secure representation to secure her rights to be free of discrimination under 42 U.S.C. §1981;

    5.  Direct such other relief, including, but not limited to, front pay as may be necessary to restore the plaintiff to the position that she would have been in had Defendant not discriminated against her because her race or national origin.

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury with respect to all issues to which she is entitled under law.

Respectfully submitted,
FOR THE PLAINTIFF


/s/James L. Kestell_____
James L. Kestell  DC #955310
KESTELL & ASSOCIATES
209 Midvale Street
Falls Church, VA 22046
(202) 237-2912
(202) 237-4321
Email jlkestell@cox.net

/s/ Jonathan L. Gould_____
Jonathan L. Gould
DC Bar #491052
Kestell and Associates
1012 14th Street, NW, Suite 630
Washington, DC 20005
Tel. 202-347-3889
Fax 202-347-4482
Email: jgould@igc.org

Attorneys for the Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Zane Gray
7609 Quinn Spring Court
Adelphi, MD 20783

## DEFENDANTS

Universal Service Administrative Company
2000 L Street, NW, Suite 200
Washington, DC 20036

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Prince Georges**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James L. Kestell  DC #955310
Jonathan L. Gould  DC #491052
KESTELL & ASSOCIATES
1012 14th Street, NW, Suite 630
Washington DC 20005

Case: 1:07-cv-00996
Assigned To : Walton, Reggie B.
Assign. Date : 6/1/2007
Description: Employment Discrimination

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ● H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Race and ancestry discrimination in violation of 42 U.S.C. section 1981

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 6/1/07   SIGNATURE OF ATTORNEY OF RECORD _____

JTC

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.