UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZANE GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:07-cv-00996 RBW |
| | ) | |
| UNIVERSAL SERVICE | ) | |
| ADMINISTRATIVE CO., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MOTION TO DISMISS, OR IN THE
## ALTERNATIVE FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Universal

Service Administrative Company ("USAC" or "Defendant") hereby submits its Motion to

Dismiss, or in the Alternative, for Summary Judgment.  In support of its Motion,

Defendant respectfully refers the Court to the attached Memorandum of Law.

Respectfully submitted,

Darlene H. Smith, Bar No. 15470
Mary E. Brown, Bar No. 474441
Mintz Levin Cohn Ferris Glovsky and Popeo PC
701 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 434-7300

Counsel for Defendant Universal Service
Administrative Co.

4068078v.1

**Certificate of Service**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 5th day of September 2007, and that a notice of the electronic filing will be transmitted to all counsel or parties of record:

                                               /s/ Mary E. Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZANE GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:07-cv-00996 RBW |
| | ) | |
| UNIVERSAL SERVICE | ) | |
| ADMINISTRATIVE CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS, OR IN THE
ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Universal

Service Administrative Company (hereinafter "USAC" or "Defendant"), by and through

its undersigned counsel, submits its Memorandum of Law in Support of its Motion to

Dismiss, or in the Alternative, Motion for Summary Judgment.[1]  USAC respectfully

requests that the Court dismiss Plaintiff's claims with prejudice because:  (1) Plaintiff has

not pled sufficient facts to establish a prima facie case of race discrimination under The

Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 in connection with her

termination; (2)  Plaintiff does not have a cognizable claim of national origin

discrimination under Section 1981 because her claim rests solely on national origin;

(3) Plaintiff only pleads vague claims of disparate treatment of USAC policies and she

does not plead sufficient facts to establish a prima facie case of discrimination; and

---

[1] USAC seeks dismissal of Plaintiff's Complaint based on the allegations therein, which are not conceded
in any respect except for purposes of this Motion.  To the extent the Court is required to consider matters
outside of the pleadings, then this Motion should be treated as one for summary judgment pursuant to
FRCP 12b.

(4) Plaintiff's Complaint contains conclusory allegations of discrimination with no facts supporting a race or national origin discrimination claim. For all of these reasons and as fully demonstrated below, Plaintiff's Complaint must be dismissed in its entirety.

## INTRODUCTION

On May 31, 2007, Plaintiff Zane Gray (hereinafter "Plaintiff") filed a Complaint alleging that USAC discriminated against her in violation of The Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 (hereinafter "Section 1981"). Cpl. at ¶1. In her Complaint, Plaintiff alleges that she is a black female, and was born and raised in Jamaica. Cpl. at ¶6. Plaintiff states that she was hired by USAC as a Senior Level Accountant in June 2004. Id. Plaintiff further alleges that in June 2005, she began reporting to Mike Wamsganz, a white male. Cpl. at ¶8. Plaintiff contends that in September 2005, Mr. Wamsganz contacted her and expressed disapproval with Plaintiff for departing work without first contacting him during a time when the account work was "behind for the department." Cpl. at ¶9-10.

Plaintiff further alleges that she was subsequently issued a written warning for leaving work on several occasions during a disciplinary meeting with Mr. Wamsganz. Cpl. at ¶11. During that same meeting, Mr. Wamsganz scheduled a meeting for the following day to determine how they could work together to resolve Plaintiff's attendance issues. Id. Plaintiff contends that she later learned that USAC's Human Resources Director Paula Dinwiddie was going to be in attendance at the second meeting, and Plaintiff decided she wanted a co-worker present to witness the meeting. Cpl. at ¶12. Plaintiff alleges that when she approached Ms. Dinwiddie about having a co-worker present during Plaintiff's disciplinary meeting, they had a dispute which resulted in

Plaintiff being terminated. Cpl. at ¶13. Plaintiff now contends that she was discriminatorily discharged because she is black and from Jamaica, and Defendant treated other persons who were not black or Jamaican more favorably with respect to progressive discipline and termination. Cpl. at ¶16.

**ARGUMENT**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint for "failure to state a claim upon which relief can be granted" where the movant can prove "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, if it is clear that no relief could be granted to the plaintiff, even if the plaintiff's allegations are true, the claim should be dismissed. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Indeed, the purpose of Rule 12(b)(6) is to streamline litigation by avoiding unnecessary discovery and fact-finding for claims that have no legitimate, legal basis. Id. at 326-27. As demonstrated below, Plaintiff's Complaint cannot withstand this scrutiny.

## I.    PLAINTIFF DOES NOT HAVE A PRIMA FACIE CASE UNDER SECTION 1981.

### A.    Plaintiff Fails To State A Claim For Discriminatory Discharge

To avoid dismissal, "[a] plaintiff must present facts that would establish the elements of each claim." Powell v. Castaneda, 390 F. Supp.2d 1, 10 (D.D.C. 2005). Plaintiff, in the instant matter, has not presented sufficient facts to support a Section 1981 claim. In assessing Section 1981 claims, courts apply the traditional McDonnell Douglas burden-shifting framework. See Prince v. Rice, 453 F.Supp.2d 14, 21 (D.D.C. 2006). In order to establish a prima facie case of discriminatory discharge, a plaintiff must proffer

3

evidence that: (1) she belonged to a protected class; (2) that she performed at or near the level legitimately expected by her employer; and (3) that she was replaced by a person outside the protected class, or, alternatively, that the position remained open. Kidane v. Northwest Airlines, Inc., 41 F. Supp.2d 12, 17 (D.D.C. 1999) (citing Park v. Washington Metro. Area Transit Auth., 892 F. Supp. 5, 10 (D.D.C. 1995), aff'd, 107 F.3d 924 (D.C. Cir. 1996)). Once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to demonstrate that it had legitimate, non-discriminatory reasons for its actions. Id. If an employer articulates a legitimate non-discriminatory reason, the burden then shifts back to the plaintiff employee to demonstrate that the employer's reasons are a pretext for discrimination. Id.

In the case at bar, Plaintiff has not alleged sufficient facts to support a claim under Section 1981. Specifically, Plaintiff cannot establish the third prong of a prima facie case of discriminatory discharge. Plaintiff has not and cannot allege that her discharge was discriminatory because she was replaced by a black female, a member of her protected class.[2] Upon Plaintiff's termination, the person initially hired to fill the void left by Plaintiff's departure was Denise Ross, a black female. See Affidavit of Paula Dinwiddie, (Former) Director of Human Resources and USAC Operations attached as Exhibit 1. Ms. Ross was hired on January 17, 2006. On August 14, 2006, Plaintiff's Senior Accountant position was ultimately filled by Tara Dickerson, another black female. Dinwiddie Affidavit at ¶3.

Under well-established law, "a replacement within the same protected class cuts strongly against any inference of discrimination." See Murray v. Gilmore, 406 F.3d 708,

---

[2] As discussed herein, Plaintiff also cannot state a claim under Section 1981 for discrimination on the basis of her national origin (Jamaican).

4

715 (D.C. Cir. 2005) (black plaintiff's race discrimination claim failed because her

replacement was also black); Brown v. Brody, 199 F.3d 446, 451 (D.C. Cir. 1999)

(noting that female plaintiff's sex discrimination claim contesting employer's transfer

decision "would be *baseless* because two of the three employees selected for the transfer

were women.") (emphasis added); Peterson v. District of Columbia Gov't,[3] No. 05-

00942, 2007 WL 1307889, at *1 (D.D.C. 2007) (concluding that black plaintiff could not

show adverse action was racially motivated where her replacement was also black).[4]

Plaintiff has not and cannot show that her discharge was based on any discriminatory

motive because she was replaced by a black female. Thus, similar to the employees in

the cases cited above, Plaintiff's discrimination claim is baseless and must be dismissed

as a matter of law.

Moreover, Plaintiff has failed to allege any other facts that would support her

claim that her discharge was discriminatory. More significantly, Plaintiff has not

identified a single similarly situated person who was treated more favorably than she was

with respect to termination. Rather, Plaintiff relies on a vague, conclusory statement that

she was treated less favorably than other employees outside of her protected class.

Plaintiff's assertion, however, is not a fact, but is instead a legal conclusion that she was

discriminated against. For instance in Chandamuri v. Georgetown Univ., the plaintiff

alleged that he was treated less favorably than "similarly situated white students" with

respect to discipline. 274 F. Supp. 2d 71, 80 (D.D.C. 2003). His chief support for that

allegation was a comment by one of the defendant's employees indicating that the

punishment the plaintiff had received from the university was the sort only reserved for

---

[3] All unpublished cases cited are attached as Exhibit 2 to this Memorandum of Law.
[4] See also Jones v. Tanque, 131 F.Supp.2d 220, 222 (D.D.C. 2001) (black plaintiff failed to establish prima facie case for discriminatory hiring where person ultimately selected for position was also black).

the most egregious offenses. <u>Id.</u> In dismissing the case, the court ruled that, "on a motion to dismiss for failure to state a claim, the court may not accept "legal conclusions in the form of factual allegations." The court held that the plaintiff's allegation that he was treated less favorably than whites was "conclusory" and "without any factual support" because the plaintiff had not alleged sufficient facts to support the allegation.

Similar to the plaintiff in <u>Chandamuri</u>, Plaintiff, in the case at bar, has baldly asserted that she was treated less favorably than other employees due to her race and national origin without providing any fact that would support such a conclusion. Like the plaintiff in <u>Chandamuri</u>, Plaintiff in the instant matter has failed to identify a single person or a single instance in which someone outside of her class was treated more favorably than she was with respect to termination. And just as it did in <u>Chandamuri</u>, this Court must reject Plaintiff's attempt to cast her legal conclusion that she was discriminated against as a fact.

Thus, Plaintiff has failed to allege sufficient facts that would demonstrate that her discharge occurred under circumstances giving rise to an inference of discrimination. An employee does not state a discriminatory discharge claim simply by stating she is in a protected class and was terminated. Rather, the employee has to show that her discharge was based on some improper discriminatory motive. Plaintiff here has not stated a single *fact* that would support her claim that she suffered a discriminatory discharge and thus her Complaint cannot withstand 12(b)(6) scrutiny. Accordingly, Plaintiff's Section 1981 claim must be dismissed. <u>See</u> <u>Anderson v. Local 201 Reinforcing Rodmen</u>, 886 F. Supp. 94 (D.D.C. 1995) (granting defendant's motion to dismiss where plaintiff's discrimination allegations consisted of the fact that he was called a "mule" by a foreman

and discharged because such allegations did not reflect that the plaintiff was terminated under circumstances giving rise to an inference of discrimination and plaintiff did not state sufficient facts to establish a prima facie case of discrimination).[5]

### B.    Plaintiff Does Not Have A Cognizable Claim Of National Origin Discrimination

Furthermore, Plaintiff erroneously attempts to state a discrimination claim under Section 1981 based on the fact that she was born in Jamaica. National origin discrimination is not cognizable under Section 1981 unless the discrimination is "based on racial or ethnic characteristics associated with the national origin in question." See Amiri v. Hilton Washington Hotel, 360 F. Supp.2d 38, 42 (D.D.C. 2003). Under established precedent, plaintiffs cannot simply state that they are being discriminated against because they are from a particular country and hope to prevail on a Section 1981 claim.

For instance, in Kidane v. Northwest Airlines, Inc., the plaintiff brought a discriminatory discharge claim pursuant to Section 1981 alleging race and national origin discrimination. 41 F. Supp.2d 12, 16-17 (D.D.C. 1999). In granting the employer's motion to dismiss, or in the alternative for summary judgment, the court stated:

> [t]o the extent that plaintiff claims he was discriminated against based on the fact that he is from Ethiopia, that claim is not cognizable under §1981. Though the racial discrimination prohibited by §1981 includes intentional discrimination based on ancestry or ethnic characteristics, a plaintiff cannot base proof of discrimination under §1981 solely on the place or nation of his origin.

---

[5] As explained below, USAC rigorously disputes that Plaintiff can state a cognizable claim for national origin discrimination. That being said, the Court must also reject Plaintiff's conclusory inferences of national origin discrimination because such inferences are unsupported by the facts set out in the Complaint. See Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Chandamuri, 274 F. Supp. 2d at 80. With these conclusory allegations, we maintain that the Court cannot be convinced that Plaintiff will ever be able to meet her burden of establishing a prima facie case. Accordingly, Plaintiff's claims cannot survive and must be dismissed.

Id. (internal quotations and citations omitted); see also Hyman v. First Union Corp., 980

F. Supp. 46, 52-53 (D.D.C. 1997) (rejecting Section 1981 claim where it was based solely

on plaintiff's national origin).  Similar to the plaintiff in Kidane, Plaintiff here simply

states that she was discriminated against because she is from Jamaica.  As a matter of

law, such a claim is not cognizable under Section 1981 and must be rejected by this

Court.

## C.    Plaintiff's Vague Claims Of Disparate Treatment Of The Disciplinary Process Must Fail

Further, Plaintiff's vague claims regarding disparate treatment with respect to USAC's

disciplinary process must also fail.  Much like the other allegations contained in her Complaint,

Plaintiff relies on bald assertions with little support.  Plaintiff asserts that other employees, who

were not black or who were not from Jamaica, were given the benefit of progressive discipline

prior to being terminated.  However, Plaintiff does not identify a single employee who was

treated more favorably; nor does she state any other facts that would support her allegation that

she was treated differently based on her membership in a protected class.  Accordingly, her

vague claims are insufficient to state a claim under Section 1981. Chandamuri, 274 F. Supp. 2d

71, 80 (D.D.C. 2003) (plaintiff failed to state a claim where he did not allege sufficient facts to

support his allegation that the university treated him differently than similarly situated white

students).

## II.    PLAINTIFF'S COMPLAINT CONTAINS CONCLUSORY ALLEGATIONS OF DISCRIMINATION WITHOUT FACTS SUPPORTING A RACE OR NATIONAL ORIGIN DISCRIMINATION CLAIM.

Finally, none of Plaintiff's claims against USAC can survive dismissal because they are based on conclusory allegations that are wholly unsupported by the factual allegations contained in Plaintiff's Complaint.

Conclusory allegations of discrimination are insufficient to withstand a motion to dismiss. See e.g., Samuels v. Agency Insurance Company of Maryland, Incorporated, 2000 U.S. App. LEXIS 10685 (4th Cir. April 20, 2000) (affirming dismissal of plaintiff's discrimination complaint for failure to allege any specific facts in support of that claim); see also Chandamuri v. Georgetown Univ., 274 F. Supp. 2d 71, 80 (D.D.C. 2003). As the D.C. Circuit explained in Browning v. Clinton, despite the fact that the complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, . . . we accept neither inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations." 292 F.3d 235, 242 (D.C. Cir. 2002) (internal quotations and citations omitted).

In the instant matter, Plaintiff has not stated a single *fact* that would support a claim of racial or national origin discrimination. Plaintiff merely alleges that she is black, was born in Jamaica and was terminated. Plaintiff also, vaguely alleges that she was treated less favorably than some unidentified employees who were allegedly given progressive discipline prior to being terminated. However, she does not identify any individuals treated more favorably; nor does she allege any other facts that would suggest

that her race or national origin factored into USAC's decision to terminate her.

Plaintiff's sparse allegations simply cannot withstand 12(b)(6) scrutiny.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss

Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

Darlene H. Smith, Bar No. MD15470
Mary E. Brown, Bar No. 474441
Mintz Levin Cohn Ferris Glovsky and Popeo PC
701 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 434-7300

Counsel for Defendant Universal Service
Administrative Co.

4077637v.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ZANE GRAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 1:07-cv-00996 RBW** |
| | ) | |
| **UNIVERSAL SERVICE** | ) | |
| **ADMINISTRATIVE CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### AFFIDAVIT OF PAULA DINWIDDIE
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,
### OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I, Paula Dinwiddie, being first duly sworn upon my oath, hereby state as follows:

1.      I am over the age of 18, a citizen of the United States, and am competent to testify to the matters contained herein.

2.      I have been employed by Universal Service Administrative Company ("USAC") since July 1, 2002, as its Director of Human Resources and USAC Operations. As HR and Operations Director, I am responsible for the oversight of all employee-related and personnel issues, including hiring, discipline and termination issues.

3.      Zane Gray was hired by USAC on June 21, 2004 as a Senior Accountant. She was discharged from USAC on October 21, 2005. After Ms. Gray's termination, USAC hired Denise Ross, a black female, on January 17, 2006 to fill the void left by Ms. Gray's departure. Subsequently, on or about August 14, 2006, USAC hired Tara

Dickerson, also a black female, to fill Ms. Gray's Senior Accountant position

permanently.

I certify, under the pains and penalties of perjury, that the above statements are

true and correct to the best of my knowledge and information.

/ Paula Dinwiddie

Subscribed and sworn to this _19_ day of _July_ , 2007 before a Notary Public for the _Prince William County, VA._

Notary Public

My Commission Expires:

MARCIA E. PANTON
Notary Public
Commonwealth of Virginia
344682
My Commission Expires May 31, 2009

Westlaw.

Slip Copy                                                                                    Page 1
Slip Copy, 2007 WL 1307889 (D.D.C.)
**(Cite as: Slip Copy)**

Peterson v. District of Columbia Government
D.D.C.,2007.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
Bridget PETERSON, Plaintiff,
v.
DISTRICT OF COLUMBIA GOVERNMENT, et al.,
Defendants.
**Civil Action No. 05-00942 (ESH).**

May 3, 2007.

Jimmy A. Bell, Upper Marlboro, MD, for Plaintiff.
Toni Michelle Jackson, Office of Attorney General
for the District of Columbia, Washington, DC, for
Defendants.

### *MEMORANDUM OPINION*

ELLEN SEGAL HUVELLE, United States District
Judge.

**\*1** Plaintiff Bridget Peterson, an **African American**,
is employed by the District of Columbia at Saint
Elizabeth's Hospital. She sues the District for race
**discrimination** in violation of 42 U.S.C. § 1981 and
the D.C. Human Rights Act ("DCHRA"), D.C.Code
§ 2-1401 *et seq.* (2001). She also sues her former
supervisor, Dr. Alan Abrams, for defamation.
Defendants have filed a motion for summary
judgment and, for the reasons set forth herein, the
motion will be granted.

### BACKGROUND[FN1]

FN1. As a threshold matter, the Court notes
that plaintiff has failed to comply with Local
Civil Rule 56.1 (identical to Local Civil
Rule 7(h)), which requires a plaintiff
opposing summary judgment to provide "a
separate concise statement of genuine issues
setting forth all material facts as to which it
is contended there exists a genuine issue
necessary to be litigated," together with
supporting record citations. Local Civ. R.
56.1. Although plaintiff has submitted a
"Statement of Material Facts as to Which
There Is No Dispute," she has failed to
identify which, if any, material facts *are* in
dispute. Moreover, with few exceptions, she
has failed to provide supporting record
citations.

Rule 56.1 is designed to help the Court
"maintain docket control and ... decide
motions for summary judgment efficiently
and effectively." *Valles-Hall v. Ctr. for
Nonprofit Advancement,* --- F.Supp.2d ----, -
---, 2007 WL 779385, at \*1 (D.D.C.2007)
(quoting *Jackson v. Finnegan, Henderson,
Farabow, Garret & Dunner,* 101 F.3d 145,
150 (D.C.Cir.1996)). "Requiring strict
compliance with the local rule is justified
both by the nature of summary judgment
and by the rule's purposes.... The procedure
contemplated by the rule thus isolates the
facts that the parties assert are material,
distinguishes disputed from undisputed
facts, and identifies the pertinent parts of the
record." *Id.* (omission in original) (quoting
*Gardels v. CIA,* 637 F.2d 770, 773
(D.C.Cir.1980)). Accordingly, "the Court
has treated as admitted all facts alleged by
[d]efendant[s] in [their] Statement and not
specifically contradicted by [p]laintiff in her
Statement." *Id.* --- F.Supp.2d at ----, 2007
WL 779385, at \*2. "The Court has also
considered the facts adduced by [p]laintiff in
her Statement, to the extent that they are
supported by record evidence, and cites
directly to the record, where appropriate, to
provide additional information not covered
in either of the parties' statements." *Id.*

Having worked at Saint Elizabeth's Hospital in
various capacities since 1973, plaintiff accepted a
position as program coordinator in 2000 for the
Psychiatry Residency Training Program ("PRTP").
(Def .'s Stmt. ¶ ¶ 1, 5.) As program coordinator,
plaintiff was initially supervised by Dr. David
Joseph, who served as director of the PRTP. (*Id.* ¶
6.) According to plaintiff, her duties included
"[w]orking with the establishment and the setting up
[of] all training involvement around every resident
that became a part of the program." (*Id.* ¶ 7
(alterations in original) (quoting plaintiff's deposition
testimony).)

In 2004, the PRTP lost two clerical employees, and
plaintiff alleges that she attempted to take on their
work in addition to her own. (*See id.* ¶ ¶ 8, 10.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Associated "pressures" caused plaintiff to take a two-month medical leave, beginning on August 4, 2004. (*Id.* ¶ 10 (quoting plaintiff's deposition testimony).) While plaintiff was away, Dr. Joseph resigned as director of the PRTP. (*Id.*)

Upon plaintiff's return, the PRTP continued to operate at a clerical deficit, and the director's position was vacant. (*Id.* ¶ 11.) According to plaintiff, Dr. Abrams was hired as part-time director on February 9, 2005. (*Id.* ¶ 12.) He transitioned to full-time employment in April 2005. (*Id.*)

Plaintiff alleges that, in late March 2005, she began hearing "rumors" that Dr. Abrams and two other hospital administrators, Joy Holland (an African-American woman) and Gerald Tolliver, wanted to transfer her out of her position as the PRTP's program coordinator. (Def.'s Ex. B ["Pl.'s Dep. Vol. II"] at 132-33, 138.) Indeed, the record reflects that, on March 28, 2005, Holland ("[t]hru" Tolliver) filed paperwork to initiate the process of moving plaintiff from the PRTP to the hospital's "Engineering and Maintenance" department. (Def.'s Stmt. ¶ 23; *see* Def.'s Ex. E.)

In April 2005, Dr. Abrams reassigned some of plaintiff's duties to Dale Sanders (an African-American woman). (*See* Pl.'s Stmt. ¶ ¶ 15-16; FN2 Pl.'s Dep. Vol. II at 147.) Plaintiff further alleges that, on at least three occasions that April, Dr. Abrams criticized her performance in front of others or spoke to her in a threatening manner. (*See* Def.'s Stmt. ¶ ¶ 19-20; Pl.'s Dep. Vol. II at 186, 189, 194-98.)

> FN2. The paragraphs of plaintiff's Statement are misnumbered. For purposes of this Opinion, the Court has renumbered plaintiff's second "Paragraph 12" as "Paragraph 15." The subsequent paragraphs are renumbered accordingly.

On April 26, 2005, at plaintiff's request, Dr. Abrams drafted a handwritten note authorizing plaintiff "to request assistance in performing [her] duties." (Def.'s Stmt. ¶ 21 (quoting the note); Def.'s Ex. C; *see* Def.'s Ex. D.) Dissatisfied with the note, plaintiff wrote Dr. Abrams a formal memorandum, in which she stated:
*2 Your note reflects "full permission to request assistance in performing *your duties*." For the record, *I do not need assistance in performing my duties*. I need you to provide clerical assistance to support the Psychiatry Residency Training Program as a whole, *not to interrupt the performance of my duties*. Please

take the time to review my position description carefully, which does not reflect my responsibility for processing time and attendance sheets, although I did them in the past when clerical staff were not available as a courtesy without threats to put in my resignation and progressive disciplinary action....

(*Id.*) Plaintiff's memorandum also included a request that she be "immediately transferred from the Psychiatry Residency Training Program and [the] direction" of Dr. Abrams. (*Id.*)

After circulating the memorandum, plaintiff took medical leave. (Def.'s Stmt. ¶ 22.) She returned to work on May 1, 2005, after learning that she had been reassigned from the PRTP to Engineering and Maintenance. (*See id.* ¶ 24; Def.'s Ex. A ["Pl.'s Dep. Vol. I"] at 11, 92.) Plaintiff's transfer to Engineering and Maintenance was "budget neutral" and did not reduce her compensation or benefits. (Def.'s Stmt. ¶ 23.)

## ANALYSIS

"The legal standards applicable to race discrimination are the same under the DCHRA and [§ ] 1981." *Lemmons v. Georgetown Univ. Hosp.*, 431 F.Supp.2d 76, 86 (D.D.C.2006) (quoting *Beckwith v. Career Blazers Learning Ctr. of Wash., D. C., Inc.*, 946 F.Supp. 1035, 1048 (D.D.C.1991)). Under either law, the parties' respective burdens of persuasion and production are the same as in Title VII discrimination cases. *Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1553 (D.C.Cir.1997). Thus, absent direct evidence of discrimination, "it is appropriate for the Court to analyze [a § 1981 or DCHRA] claim under the three-step Title VII framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Moncrief v. Daro Realty, Inc.*, No. 03-762, 2005 WL 1119794, at *10 (D.D.C. Apr. 28, 2005). Under the *McDonnell Douglas* framework, a plaintiff must first "establish a *prima facie* case of discrimination by a preponderance of the evidence." *Id.* To do so, "the plaintiff must show that '(1) she is a member of [a] protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.' " *Id.* (alteration in original) (footnote omitted) (quoting *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1150 (D.C.Cir.2004)). "If the plaintiff is able to establish her *prima facie* case by a preponderance of the evidence, the burden of production switches to the [defendant] employer to 'articulate a legitimate, nondiscriminatory reason for its actions.' " *Fox v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Giaccia*, 424 F.Supp.2d 1, 7 (D.D.C.2006) (quoting *Stella v. Mineta*, 284 F.3d 135, 144 (D.C.Cir.2002)). "The plaintiff must then demonstrate that the ... stated reason was pretextual and that the true reason was discriminatory." *Id.* (quoting *Stella v. Mineta*, 284 F.3d 135, 144 (D.C.Cir.2002)).

**\*3** Here, although there is no dispute that plaintiff belongs to a protected class (African American), her pleadings do not clearly identify what adverse employment actions she claims to have suffered. Her opposition appears to suggest that she claims to have suffered three such actions: Dr. Abrams's reassignment of plaintiff's duties to Sanders, his request that plaintiff perform certain clerical duties for the PRTP, and plaintiff's transfer to Engineering and Maintenance. (*See* Opp. at 16.) Assuming *arguendo* that those actions are adverse employment actions from which one can infer discrimination (which is far from clear), the District has articulated a legitimate, nondiscriminatory explanation: "[T]he record is replete with plaintiff's comments that she needed help to perform her job functions," and the actions at issue were taken to alleviate plaintiff's stress. (Reply at 8; *see id.* at 10 (characterizing plaintiff's transfer as an effort "to move a longtime employee to a position where she did not have the same job demands and stressors").)

Thus, plaintiff's § 1981 and DCHRA claims can survive summary judgment only if a reasonable trier of fact could conclude from the available evidence both that the explanation articulated by the District is pretextual, and that plaintiff suffered discrimination because of her race. *See, e.g., Murray v. Gilmore*, 406 F.3d 708, 713 (D.C.Cir.2005) (stating that the dual inquiry at this stage of the *McDonnell Douglas* analysis is "[whether] a reasonable jury [could] infer that the employer's given explanation was pretextual, and, if so, [whether] the jury [could] infer that this pretext shielded discriminatory motives"); *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1291 (D.C.Cir.1998) (en banc) ("[T]here may be no legitimate jury question as to discrimination in a case in which the plaintiff has created only a weak issue of material fact as to whether the employer's explanation is untrue, and there is abundant independent evidence in the record that no discrimination has occurred.").

No reasonable trier of fact could conclude that the actions at issue here were racially motivated. The argument that race motivated Dr. Abrams's decision to transfer some of plaintiff's duties to Sanders is undercut by the fact that Sanders, like plaintiff, is **African American**. *See, e.g., Murray*, 406 F.3d at

715 ("While [the plaintiff] can make out a **prima facie case** despite such parity, a **replacement** within the same protected class cuts strongly against any inference of **discrimination**." (citations omitted)). The argument that Dr. Abrams assigned timekeeping and secretarial duties to plaintiff because of her race is equally dubious. It is undisputed that the PRTP was operating at a clerical deficit, and plaintiff has herself admitted that, under Dr. Abrams's predecessor, she willingly processed time and attendance sheets "when clerical staff were not available." (Def.'s Ex. D.) As for the argument that plaintiff's transfer to Engineering and Maintenance was racially motivated, the only evidence is that a "foreigner," whom plaintiff "would say [was] white," was hired to perform some of plaintiff's former duties. (Pl.'s Dep. Vol. II at 171.) Such evidence is at best marginally probative given that the person hired, a doctor, had qualifications that plaintiff lacked. (*See id.*) Any possible inference of **discrimination** based on the race of plaintiff's successor at the PRTP is also undermined by the evidence that one of the people to initiate plaintiff's transfer (Holland) is **African American**, by the fact that plaintiff herself ultimately requested the transfer, and, most significantly, by *plaintiff's express admission* that her transfer was not racially motivated. (*See id.* at 138, 139; Def.'s Ex. D.)

**\*4** Accordingly, the District is entitled to summary judgment on plaintiff's § 1981 and DCHRA claims. Because plaintiff's only federal claim will be dismissed before trial, the Court declines to exercise supplemental jurisdiction over plaintiff's defamation claim.[FN3] *See, e.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

> FN3. Plaintiff's complaint does not assert jurisdiction pursuant to 29 U.S.C. § 1332, and there is no evidence of diversity of citizenship between plaintiff and Dr. Abrams. (*See* Cmpl. ¶ 2 ("Jurisdiction of this court is based upon 42 U.S.C. § 1981 and the D.C. Human Rights Act.").)

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment will be granted by separate order.

D.D.C.,2007.
Peterson v. District of Columbia Government

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 1307889 (D.D.C.)
**(Cite as: Slip Copy)**

Slip Copy, 2007 WL 1307889 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

LEXSEE 2000 U.S. APP LEXIS 10685



Analysis
As of: Jun 08, 2007

**ENEMUS SAMUELS, Plaintiff-Appellant, v. AGENCY INSURANCE COMPANY OF MARYLAND, INCORPORATED; MARK T. MIXTER, Defendants-Appellees.**

**No. 99-2551**

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

*2000 U.S. App. LEXIS 10685*

**April 20, 2000, Submitted**
**May 16, 2000, Decided**

**NOTICE:** [*1] RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *2000 U.S. App. LEXIS 19343*.

**PRIOR HISTORY:** Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-99-354-WMN).

**DISPOSITION:** AFFIRMED.

**COUNSEL:** David Huntington Williams, WILLIAMS & EOANNOU, P.C., Bethesda, Maryland, for Appellant.

William D. Foote, Jr., Rockville, Maryland; J. Paul Mullen, Kathleen M. Bustraan, LORD & WHIP, P.A., Baltimore, Maryland, for Appellees.

**JUDGES:** Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.

**OPINION**

PER CURIAM:

Enemus Samuels appeals from the district court's orders (1) granting the motions to dismiss the complaint filed by Agency Insurance Company of Maryland, Inc., and Mark Mixter ("Defendants"), and (2) denying Samuels' motions for reconsideration and for leave to file an amended complaint. Finding no error and no abuse of discretion, we affirm.

Samuels, a naturalized American citizen who was born in the Republic of Cameroon, Africa, filed a complaint alleging that Defendants' actions in investigating and ultimately denying his [*2] insurance claim with respect to the theft of his car constituted violations of *42 U.S.C. § 1981 (1994)*, breach of contract, intentional infliction of emotional distress, fraud, defamation, and intentional interference with his contract of insurance.

The district court found that Samuels "failed to allege any specific facts regarding his claim under *Section 1981*," and granted the Defendants' motions to dismiss. The court declined to exercise its supplemental jurisdiction over the pendent state law claims and dismissed those as well. Samuels filed a motion for reconsideration and a motion for leave to file an amended complaint. The district court denied these motions, finding that Samuels failed to present any basis for reconsideration and that the proposed amended complaint also contained only conclusory allegations of discrimination and therefore failed to state a claim. From these orders, Samuels appeals. *

* Because Samuels' motion for reconsideration was filed within ten days of the order dismissing his complaint and it calls into question the correctness of the judgment, it is treated as a motion under *Fed. R. Civ. P. 59(e)*, and therefore Samuels' timely appeal from the denial of the *Rule 59(e)* motion brings both that order and the underlying order before this court. *See Fed. R.*

App. P. 4(a)(4)(A)(iv); Dove v. CODESCO, 569 F.2d 807, 809-10 (4th Cir. 1978).

[*3] We find that Samuels did not allege facts sufficient to support a claim under § 1981. He did not complain that Agency refused to contract with him or that Agency interfered with his right to enforce a contract. Samuels alleged that Agency and its attorney, Mixter, subjected him to an examination during which Mixter was rude, insulting, and abusive. Samuels alleged that Agency denied his insurance claim. While Samuels asserted that these actions occurred because of his race and national origin, his complaint is too conclusory and unsupported by factual allegations to present a viable claim upon which relief can be granted under § 1981. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990).

In his motion for reconsideration, Samuels merely repeated the arguments he presented in his opposition to the Defendants' motions to dismiss. We find no abuse of discretion in the district court's denial of the motion for reconsideration where Samuels failed to make a showing of an error of law or an intervening change in the law and failed to present any new grounds in support of his position. See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). [*4]

We further find that the district court did not abuse its discretion in denying Samuels leave to file his amended complaint. The amended version contained the same conclusory allegations as were present in the original complaint. The allegations in Samuels' amended complaint also were based on his mere speculation that the reason for holding the examination, subjecting him to Mixter's rude and insulting questioning, and ultimately denying his insurance claim was the Defendants' discrimination against him on the basis of his race or national origin. Because amendment to the complaint would have been futile, the district court properly denied the motion for leave to amend. See Bauchman v. West High Sch., 132 F.3d 542, 562 (10th Cir. 1997) (affirming denial of leave to amend where amendment would be futile), cert. denied, 524 U.S. 953, 141 L. Ed. 2d 738, 118 S. Ct. 2370 (1998); S.S. Silberblatt, Inc. v. East Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979) (finding leave to amend may be denied when amended complaint fails to state a cause of action).

In conclusion, we affirm the district court orders granting [*5] Defendants' motions to dismiss and denying Samuels' motions for reconsideration and for leave to file an amended complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ZANE GRAY,                     )
                               )
    Plaintiff,        )
                               )
vs.                            )      **Civil Action No. 1:07-cv-00996 RBW**
                               )
UNIVERSAL SERVICE              )
ADMINISTRATIVE CO.,            )
                               )
    Defendant.        )
_____)

## ORDER

Upon consideration of Defendant's Motion to Dismiss, or in the Alternative, for

Summary Judgment, and any opposition thereto, it is hereby ORDERED on this _____ day of

_____, 2007:

1.     that Defendant's Motion is GRANTED; and

2.     Plaintiff's Complaint is DISMISSED in its entirety WITH PREJUDICE.


_____
**REGGIE B. WALTON**
United States District Judge

1