IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZANE GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:07-cv-00996 RBW |
| ) | |
| UNIVERSAL SERVICE ) | |
| ADMINISTRATIVE CO., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGEMENT

Pursuant to Local Civil Rule 7(d), Universal Service Administrative Company (hereinafter "USAC" or "Defendant"), by and through its undersigned counsel, submits its Reply Memorandum in Further Support of its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Contrary to Plaintiff's assertions in her Opposition, Plaintiff's Complaint does not plead sufficient facts to establish a prima facie case of race or national origin (ancestry) discrimination under The Civil Rights Act of 1866, as amended, 42 U.S.C. §1981. Her Opposition does not cure the fact that Plaintiff's vague and conclusory allegations of discrimination do not provide enough factual support for either claim. For these reasons, as well as the reasons outlined in Defendant's Motion to Dismiss, Plaintiff's Complaint must be dismissed in its entirety.[1]

---

[1] Please note that this case is in an odd procedural posture given that Plaintiff chose to file an Amended Complaint after Defendant filed a Motion to Dismiss her original Complaint. Plaintiff added an allegation that she was discriminated against because she bore the ethnic characteristics of someone from Jamaica. Presumably, this allegation was added because merely asserting that she was discriminated against because she was from Jamaica, as she did in her original Complaint, does not state a claim under Section 1981 and Plaintiff attempted to cure that error

## ARGUMENT

I. **PLAINTIFF'S COMPLAINT DOES NOT RAISE AN INFERENCE OF RACE DISCRIMINATION THUS IT DOES NOT MEET THE STANDARD FOR PROVING A PRIMA FACIE CASE OF RACE DISCRIMINATION**

To survive a Motion to Dismiss, a Plaintiff has an obligation to provide the grounds of his or her entitlement to relief. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). The requirement entails "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). Factual allegations must be enough to raise a right to relief above the *speculative* level, and this Court need not accept as true inferences unsupported by facts set forth in the complaint or legal conclusions cast as factual allegations. Id.

Despite these requirements, in her Opposition, Plaintiff contends that the reason for her termination was "so excessively irrational that it raises strong inferences that defendant was motivated by discriminatory animus." Pl.'s Opp. at 2. A review of Plaintiff's Complaint, however, shows that this statement could not be further from the truth. The Complaint reveals that Plaintiff was terminated for several reasons, none of which have anything to do with the fact that she is black or from Jamaica. In paragraph 10 of her Complaint, Plaintiff states that her direct supervisor was annoyed with the fact that she left work one night without getting his express approval at a time when the accounting work for Plaintiff's department was down. Clp. at ¶ 9-10. Because she left work early that night, and on at least two other occasions according to Plaintiff's Complaint, her direct supervisor gave Plaintiff a written warning for this behavior. Id. at ¶ 11. After giving Plaintiff the written warning, her direct supervisor decided that there

---

by adding in that allegation. However, as explained below, Plaintiffs' original Complaint and First Amended Complaint fail as a matter of law.

needed to be a second meeting to continue to discuss Plaintiff's early departures and to attempt to resolve how the early departures could be avoided. Id. Taking Plaintiff's allegations as true, once Plaintiff learned that Defendant's HR Director would also attend the meeting, she consulted an attorney on Defendant's staff about bringing a co-worker to the meeting, and he indicated that she could do so. Id. at ¶ 12.

Plaintiff was later told by Defendant's HR Director that she could not bring a co-worker to the meeting. Id. at ¶ 13. When Plaintiff tried to argue that she had been given permission from Defendant's attorney, the HR Director informed her that she was at-will and then terminated her. Id. Her Complaint then goes on to state that she was treated less favorably than other unidentified employees who were not black and who were not born in Jamaica because these employees were given progressive notice of violations of violations of the Defendant's policies before being terminated. Id. at ¶ 14.

Based upon these factual allegations, nothing in Plaintiff's Complaint lends credence to her contention that her termination "raised a strong inference of discriminatory animus." Contrary to Plaintiff's contentions, on the face of her Complaint, she was decidedly not meeting all of Defendant's legitimate expectations. As her Complaint explains, Plaintiff was an at-will employee who had some difficultly with the hours she was required to work and had been reprimanded by Defendant for the very same reason. In fact, Plaintiff was having such difficulties that after Plaintiff was given a written warning, her direct supervisor felt the need to have a follow-up meeting to further address his concerns regarding the Plaintiff. When Plaintiff subsequently decided that she wanted to create a confrontation regarding whether she could bring a second individual to this meeting, Defendant's HR Director decided (in accordance with

Defendant's policy which allows for immediate dismissal)[2] that enough was enough and she terminated her. To be clear, Plaintiff was terminated for more than simply "expressing her desire to have an employee representative accompany her to a disciplinary meeting." Pl.'s Opp. at 2. Plaintiff's termination stemmed from a series of events, including her <u>reaction</u> to being told that she could not bring a co-worker to a meeting designed to address her inability to work the required hours necessary to perform her job. Nevertheless, in an apparent effort to minimize the fact that she was having trouble working the hours necessary to complete her job, Plaintiff adds, with no support, that she was terminated because she was black and Jamaican. None of the facts alleged in the complaint would justify such an extraordinary leap. Plaintiff's unsupported speculation should not be enough to prevent her Complaint from being dismissed. <u>See</u> <u>Powell v. Castaneda</u>, 390 F. Supp. 2d 1, 10 (D.D.C 2005) ("a plaintiff must present <u>facts</u> that would establish the elements of each claim") (emphasis added).

      Moreover, as noted in Defendant's original Motion, the fact that Plaintiff's replacement was a black female "cuts strongly against any inference of discrimination." <u>Murray v. Gilmore</u>, 406 F.3d 708, 715 (D.C. Cir 2005). In the case at bar, both the person initially hired to fill Plaintiff's void and the person who ultimately filled Plaintiff's position were black females. This fact, combined with the facts outlined by Plaintiff in her Complaint, show that Plaintiff is unable to plead the third element of a *prima facie* case of race discrimination. Accordingly, her Complaint should be dismissed.

---

[2] <u>See</u> Exh. 2, Pl.'s Opp.

II. **PLAINTIFF'S COMPLAINT DOES NOT RAISE AN INFERENCE OF ANCESTRY DISCRIMINATION THUS IT DOES NOT MEET THE STANDARD FOR PROVING A CASE OF ANCESTRY DISCRIMINATION**

For many of the same reasons outlined above, Plaintiff's Complaint does not raise an inference of ancestry discrimination sufficient to establish the third prong of a prima facie case of discrimination under Section 1981. See section I, *supra*. As explained earlier, the Court must reject Plaintiff's conclusory inferences of ancestry discrimination because such inferences are unsupported by the facts set out in the Complaint. See Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).

In addition, Plaintiff's failure to plead any fact whatsoever tending to show that Plaintiff's termination occurred because she is of Jamaican ancestry should lead this Court to find that Plaintiff will never meet her burden of proving the *prima facie* elements of her ancestry discrimination claim. For example, in Jackson v. Health Resources of Rockville, Inc, an African-American employee of Jamaican descent brought an employment discrimination action against her former employer for unlawful termination based upon her race, color and Jamaican ancestry. Jackson v. Health Resources of Rockville, Inc, 357 F. Supp. 2d 507 (D. Conn. 2005). The employer moved for summary judgment and in an attempt to survive the employer's motion, the plaintiff argued that the court should find an inference of discrimination because, among other things, white employees were not disciplined the same way that she was disciplined. Id. at 511. The United States District Court for the District of Connecticut found that, despite this allegation, the plaintiff was unable to "point to any facts or incidents to support her claim of discrimination based on national origin." Id. The court went on to explain that her bare accusations combined with just her "feeling" that her ancestry played a role in her treatment by

5

the defendant was "insufficient to meet even the minimal initial standard under *McDonnell Douglas*." Id. at 515.

Similar to the plaintiff in Jackson, Plaintiff, in the case at bar, pleads no facts or incidents to support her ancestry discrimination claim. Indeed, she merely alleges that she was treated less favorably than other employees, but points to nothing specifically related to her Jamaican ancestry to show that she was discriminated against on that basis. Her inability to do so shows that she has not and cannot establish a *prima facie* case of ancestry discrimination. Instead, she relies on mere speculation to attempt to state a discrimination claim. Accordingly, her Complaint should be dismissed on this ground as well.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

/s/ Mary Brown
Darlene H. Smith, Bar No. MD15470
Mary E. Brown, Bar No. 474441
Mintz Levin Cohn Ferris Glovsky and Popeo PC
701 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 434-7300

Counsel for Defendant Universal Service Administrative Co.

## Certificate of Service

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 1st day of October 2007, and that a notice of the electronic filing will be transmitted to all counsel or parties of record:

/s/ Mary E. Brown