**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

ZANE GRAY,                              )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No. 07-0996 (RBW)
                                        )
UNIVERSAL SERVICE                       )
ADMINISTRATIVE COMPANY,                 )
                                        )
                Defendant.              )
_____)

**<u>MEMORANDUM OPINION</u>**

On September 7, 2007, the plaintiff commenced this action challenging the

defendant's, Universal Service Administrative Company ("USAC"), termination of the

plaintiff's employment on the ground that the termination was based on her race and

ancestry in violation of The Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981

(2000).  First Amended Complaint ("Compl.") ¶ 1.  Specifically, the plaintiff alleges that

the defendant violated 42 U.S.C. § 1981 when it "discriminated against [her] by

terminating her employment because of her race and ancestry without any business

justification," <u>id.</u> ¶ 16, and "treated [her] less favorably than other employees who were

not black and who did not have ethnic characteristics of someone from Jamaica…," <u>id.</u>

Currently before this Court is USAC's motion to dismiss, or in the alternative, its motion

for summary judgment ("Def.'s Mot.") with supporting memoranda. Defendant's

Memorandum of Law In Support of its Motion to Dismiss, or in the alternative, Motion

for Summary Judgment ("Def.'s Mem.").[1]  For the reasons set forth below, the Court

finds that the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) must be denied and its motion for summary judgment must also be denied but

without prejudice.

## I. BACKGROUND

Viewing the evidence in the light most favorable to the plaintiff, the facts

underlying this lawsuit are the following.  In June 2004, the plaintiff, Zane Gray, was

hired by the defendant, USAC, as a Senior Level Accountant.  Compl. ¶ 4-6. "The

plaintiff is a 43 year old black female who has the ethnic characteristics of someone who

was born and raised in Jamaica."  Id. ¶ 6. The plaintiff successfully completed her term of

probation and in January 2005, she received a favorable performance evaluation and was

awarded a pay increase.  Id. ¶ 7.

As of June 2005, the plaintiff was supervised by Mike Wamganz, a Caucasian

male, who was the Accounting Manager.  Id. ¶ 8. In September 2005, the accounting

department had fallen behind on its work due to Mr. Wagmanz's illness and inability to

come to work during much of that month.  Id. ¶ 9.  On one Friday in October, the plaintiff

worked until 8:30 p.m. in order "to complete reconciliation of a financial statement that

was overdue," even though her normal workday typically ended at 6:00 p.m.  Id.  Before

leaving for the evening, the plaintiff "informed Mr. Wamganz that [the financial

statement] was ready for [his] review."  Id.  "Later that same evening, Mr. Wamganz sent

---

[1]     Also submitted in conjunction with these motions are the Plaintiff's Opposition to
Defendant's Motion to Dismiss the Amended Complaint and/or For Summary Judgment
("Pl.'s Opp'n"), the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion
to Dismiss the First Amended Complaint and/or for Summary Judgment ("Pl.'s Mem."),
and the Defendant's Reply Memorandum in Further Support of its Motion to Dismiss, or
in the Alternative Motion for Summary Judgment.

[the plaintiff]an email expressing his annoyance that [the plaintiff] left work for the evening without getting his express approval." Id. ¶ 10.  When the plaintiff viewed the email for the first time upon returning to work on Monday morning, she informed Mr. Wamganz that "she needed to get home because of how late it was and that she had two young children waiting for her at home." Id.  "On Thursday of that same week, Mr. Wamganz set up a conference meeting with the plaintiff and the Human Resource Manager, Irena Munoz . . . ." Id. ¶ 11.  At the meeting, the plaintiff received "a written warning for allegedly leaving work early on several occasions." Id.  The plaintiff contends that "[m]ost of these" early departures had occurred after she "had requested to leave work early to pick up her children from day care." Id.  However, "the plaintiff explained . . . [that] although she requested authorization to leave early on those dates, she only left early on two of the dates in question . . . [because she] was able to make alternative arrangements for the other days." Id.  At the conclusion of the meeting Mr. Wamganz informed the plaintiff "that they would meet again the next day to resolve how they could work together in the future and avoid early departures, regardless of how compelling the reason." Id.

"Before the next meeting, the plaintiff learned that [the d]efendant's [Human Resource] Director, Paula Dinwiddie, [would be] attending the meeting." Id. ¶ 12. Concerned that the presence of the Human Resource Director would make her "feel intimidated," Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the First Amended Complaint and/or for Summary Judgment ("Pl.'s Mem."), Ex. 1 (Declaration of Zane Gray ("Pl.'s Decl.")) ¶ 14, the plaintiff "asked the defendant's employment counsel, Scott Brash, [whether she] could bring a coworker to the meeting

as a witness," and was allegedly told by Mr. Brash that she could, id. ¶ 15.  Ms.

Dinwiddie later informed the plaintiff that she would not be permitted to bring a

coworker to the meeting.  Id. ¶ 16.  When the plaintiff attempted to explain that she had

the express permission from Mr. Brash, Ms. Dinwiddie allegedly became irate and

informed the plaintiff that "she was an employee at will and that she could be terminated

at any time and she was now being terminated."  Compl. ¶ 13.  Ms. Dinwiddie then

purportedly "ordered the plaintiff to step away from her computer [and had] Ms. Munoz

[collect] the plaintiff's personal belongings and to escort the plaintiff out of the building."

Compl. ¶ 13.

On September 7, 2007, the plaintiff brought this civil action under The Civil

Rights Act of 1866, as amended, 42 U.S.C. § 1981, alleging that the defendant had

discriminated against her by "terminating her employment because of her race and

ancestry". Id. ¶ 1. On September 26, 2007, the defendant filed the motion that is the

subject of this opinion.

## II.  STANDARD OF REVIEW

A.      Rule 12(b)(6) Motion to Dismiss

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint."

Runkle v. Gonzalez, 391 F. Supp. 2d 210, 220 (D.D.C. 2005) (quoting Browning v.

Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  In determining whether to dismiss a claim

under Rule 12(b)(6), "the Court is able to only consider the facts alleged in the complaint,

documents attached as exhibits or incorporated by reference in the complaint, and matters

about which the Court may take judicial notice." Hopkins v. Women's Div., Gen. Bd. of

Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002).  A motion to dismiss will not

be granted unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor." Hoey v. District of Columbia, 540 F. Supp. 2d 218, 224 (D.D.C. 2008) (citing Leatherman v. Tarrant County Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993)). The plaintiff must therefore be given "the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court is not required to accept inferences drawn by the plaintiff if those inferences are not sufficiently supported by facts established in the complaint. Prince v. Rice, 453 F. Supp. 2d 14, 20-21 (D.D.C. 2006). Moreover, "[n]or must the court accept legal conclusions cast in the form of factual allegations." Id. (citations omitted).

     B.     Rule 56 Motion for Summary Judgment

To grant a motion for summary judgment under Rule 56(c), this Court must find that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. Bayer v. United States Dep't of Treasury, 956 F.2d 330, 333 (D.C.Cir.1992). However, the non-moving party cannot rely on "mere allegations or denials . . . , but . . . must set forth specific facts showing that there [are] genuine issue[s] for trial." Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986) (citation omitted).  Under Rule 56(c), if a party fails to "establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial," summary judgment is warranted.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The party moving for summary judgment bears the burden of establishing the absence of evidence that supports the non-moving party's case.  <u>Id.</u>

### III.  LEGAL ANALYSIS

A. <u>The Defendant's 12(b)(6) Motion to Dismiss</u>

The defendant seeks the dismissal of the plaintiff's discrimination claim pursuant to Rule 12(b)(6) on the ground that her complaint does not state a claim entitling her to relief under 42 U.S.C. § 1981.  Def.'s Mem. at 3.  Specifically, the defendant contends that

> (1) [the p]laintiff has not pled sufficient facts to establish a prima facie case of race discrimination under The Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 . . . (2) [the p]laintiff only pleads vague claims of disparate treatment of USAC policies and she does not plead sufficient facts to establish a prima facie case of race or national origin discrimination" . . . and (3) the complaint contains conclusory allegations of discrimination with no facts supporting a race or national origin discrimination claim.

<u>Id.</u> at 1-2.  According to the defendant (i) the "[p]laintiff has not and cannot allege that her discharge was discriminatory because she was replaced by a black female, a member of her protected class," <u>id.</u> at 4; (ii) the plaintiff "has failed to identify a single person or a single instance in which someone outside of her class was treated more favorably than she was with respect to termination," <u>id.</u> at 6; and (iii) the plaintiff "has failed to allege sufficient facts that would demonstrate that her discharge occurred under circumstances giving rise to an inference of discrimination," <u>id.</u>

In opposition, the plaintiff responds that although she is not required to establish a prima facie case of discrimination at the complaint stage, she has nonetheless "gone beyond the normal pleading requirements in a discrimination case and actually set forth [in her complaint] facts that establish a prima facie case of discrimination." Pl.'s Mem. at 14. Specifically, the plaintiff notes that she has pled in her complaint that, (1) she "is a 43 year old black female who has the ethnic characteristics of someone who was born and raised in Jamaica," Compl. ¶ 6; (2) "[s]he has a [Bachelor of Science] degree in Accounting from the University of Maryland . . . ," id.; (3) she "was presented with a written warning for allegedly leaving work early on several occasions," but had explained upon receipt of the warning that despite requesting authorization to leave early on several occasions she ultimately had departed early on two occasions because she was able to make alternative arrangements to have her children picked up from daycare, id. ¶ 11; (4) when the plaintiff advised Paula Dinwiddie, Director of Human Resources, of her desire and authorization by the defendant's attorney for employment to bring a coworker to a meeting with Mr. Wamganz, Ms. Paula Dinwiddie, and the plaintiff, Ms. Dinwiddie immediately terminated the plaintiff without any business justification, id. ¶¶ 12-13, 16; and (5) the "[d]efendant's termination of the plaintiff for seeking to have assistance during the meeting treated the plaintiff less favorably than other employees who were not black and did not have the ethnic characteristics of someone from Jamaica . . . [because other] employees were given progressive notice of violations of the defendant's policies before being terminated [whereas] [t]he plaintiff was terminated without notice and even though she had not violated any of the defendant's policies," id. ¶ 14; see also Pl.'s Mem. at 14-18. The plaintiff further contends that "[t]he defendant also has offered shifting and

pretextual reasons for the plaintiff's termination in order to conceal their true discriminatory intent." Compl. ¶ 16.  In addition, the plaintiff asserts that dismissal is not warranted because "discovery could well enhance her already strong evidence of discrimination," Pl.'s Mem. at 22.

Title 42 U.S.C. § 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).  To satisfy the pleading requirements for a discrimination claim brought under § 1981, the plaintiff's complaint must conform to the pleading standard set out in Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requiring only that a plaintiff's complaint simply contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id.; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).   This minimal requirement is designed to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley, 355 U.S. at 47.  Although "it may appear on the face of the pleadings that a recovery is very remote and unlikely," the likelihood of success is not the basis upon which courts determine the sufficiency of a complaint. Sparrow, 216 F.3d at 1118 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Mazaleski v. Treusdell, 562 F.2d 701, 708 n.18 (D.C. Cir. 1977) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions . . . its task is necessarily a limited one.").  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." ACLU Found. of S. Cal. v. Barr, 952 F.2d 457 (D.C. Cir. 1991) (quoting Scheuer, 416 U.S. at 236).  This simplified notice pleading requirement is

made possible by the "liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."  Sparrow, 216 F.3d at 1114 (quoting Conley, 355 U.S. at 47-48).

As the plaintiff accurately points out, a plaintiff bringing an action pursuant to § 1981 "need not allege his claims with greater particularity than required by FRCP 8(a)."  Amiri v. Wash. Hilton Hotel, 360 F. Supp. 2d 38, 41 (D.D.C. 2003) (citing Swierkiewicz, 534 U.S. at 511)).  Subjecting a § 1981 complaint to a heightened pleading standard would be inconsistent with Rule 8 and would "narrowly constrict the role of the pleadings." Swierkiewicz, 534 U.S. at 511 (quoting McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283, n.11 (1976)).  The District of Columbia Circuit has held that a plaintiff is not required to set forth the prima facie elements of a discrimination claim at the complaint stage in order to survive a motion to dismiss.  Sparrow, 216 F.3d at 1114 (holding that the plaintiff "did not have to 'make out a prima facie case of discrimination'" because under Federal Rule of Civil Procedure 8(a)(2) "a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'").  Federal Rule 9(b) designates the circumstances when pleading a claim with greater particularity is required.  Fed. R. Civ. P. 9(b).  However, none of these circumstances apply in the § 1981 context. Id.; see also, Leatherman, 507 U.S. at 168. Considering minimal pleading standard applicable to § 1981 claims, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz, 534 U.S. at 507.

Here, the plaintiff has satisfied the liberal notice pleading standard established by Rule 8, making dismissal of the plaintiff's § 1981 discrimination claim inappropriate. As stated in <u>Sparrow</u>, "[c]omplaints 'need not plead law or match facts to every element of a legal theory,'" 216 F.3d at 1115 (quoting <u>Krieger v. Fadely</u>, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal citation omitted), and pleading a claim of discrimination requires nothing different, <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998) ("[b]ecause racial discrimination in employment is 'a claim upon which relief can be granted,' . . . 'I was turned down for a job because of my race' is all a complaint has to say" to withstand a 12(b)(6) motion to dismiss).

In <u>Russell v. District of Columbia</u>, 747 F. Supp. 72 (D.D.C. 1990), a temporary firefighter at a hospital then operated by the federal government, filed suit in this Court alleging racial discrimination and retaliation in violation of  § 1981 when his contract was not renewed following the hospital's transfer from the federal government to the District of Columbia, <u>id.</u> at 74.  The defendants moved for dismissal or for summary judgment with respect to the plaintiff's § 1981 claim on the ground that, <u>inter alia</u>, Russell failed to state a claim upon which relief could be granted. <u>Id.</u> at 75. Another member of this Court disagreed with the defendant's position concluding that Russell's discrimination claim brought under § 1981 met the notice pleading established by Rule 8(a).  <u>Id.</u>  The Court stated that the complaint survived the defendant's motion to dismiss for failure to state a claim because Russell's complaint alleged that the "defendants 'denied [the plaintiff] a promotion, transfer and career advancement opportunities'" on account of his race, and the plaintiff "detail[ed] the alleged discriminatory conduct in his opposition to the defendants motion and accompanying affidavits."  <u>Id.</u> The Court further found that the

defendants clearly were put on notice of the nature of the claim and had ample time to prepare a response.  Id.

In Swierkiewicz, the Court considered a similar situation where the defendant-employer demoted and thereafter terminated the plaintiff's employment.  534 U.S. at 508. The plaintiff filed suit, "alleging that he had been terminated on account of his national origin in violation of Title VII of the Civil Rights Act of 1964."  Id. at 509.  The United State District Court for the Southern District of New York dismissed the plaintiff's complaint and the Second Circuit affirmed the dismissal on the grounds that the plaintiff had not sufficiently alleged a prima facie case of discrimination because "his allegations were 'insufficient as a matter of law to raise an inference of discrimination.'"  Id. However, the Supreme Court reversed the Second Circuit holding that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case …."  Id. at 511.  In determining that the plaintiff's complaint stated a claim upon which relief could be granted, the Supreme Court stated that the complaint satisfied the requirements of Rule 8(a) because it gave the defendant-employer fair notice of the basis of the plaintiff's claims when it "alleged that [the plaintiff] had been terminated on account of his national origin, in violation of Title VII, . . . detailed the events leading to his termination, provided relevant dates, and included ages and nationalities of at least some of [the] relevant persons involved with his termination . . . ." Id. at 514; see also, Sparrow, 216 F.3d at 1117 (deciding that a plaintiff stated a claim upon which relief could be granted where the plaintiff stated that he was terminated by named defendants in violation of anti-discrimination laws, that he met the requirements of the position, "that he would not have been terminated had he been a similarly situated

Caucasian male," and that the termination was not in accordance with designated termination procedures).

Applying Russell and Swierkiewicz to the case at hand, the Court must conclude that the plaintiff has pled facts sufficient to support her § 1981 claim. Similar to the plaintiffs in Russell and Swierkiewicz, the plaintiff here has alleged that she is an African American female with the ethnic characteristics of someone from Jamaica, Compl. ¶ 6, details the events leading up to her termination, including the relevant dates and nationalities of the individuals responsible for the termination of her employment, claims that "the defendant discriminated against [her] by terminating her employment because of her race and ancestry without any business justification," id. ¶ 16, and alleges that as to her termination she was "treated . . . less favorably than other employees who were not black and who did not have the ethnic characteristics of someone from Jamaica," id. ¶ 14.

This Court must also reject the defendant's arguments regarding the sufficiency of the plaintiff's complaint for several additional reasons.  First, despite the fact that the plaintiff was replaced by a member of her protected class, she may nonetheless be able to establish a prima facie case of discrimination under § 1981.  "[A] plaintiff in a discrimination case need not demonstrate that she was replaced by a person outside her protected class in order to carry her burden of establishing a prima facie case . . ." because such a requirement "would go beyond what is necessary to create an inference of discrimination."  George v. Leavitt, 407 F.3d 405, 412-13 (D.C. Cir. 2005) (quoting Stella v. Minetta, 284 F.3d 135, 146 (D.C. Cir. 2002)).  Thus, the Court in Stith v. Chadbourne & Parke, LLP. stated that "the fact that one's replacement is not in the same protected class as the discharged employee 'may help raise an inference of

discrimination, but it is neither a sufficient or a necessary condition.'" 160 F. Supp. 2d 1,

13 (D.D.C. 2001). Therefore, "[t]he single fact that a plaintiff is replaced by someone

within [his or her] protected class does not negate the possibility that the discharge was

motivated [by] discriminatory reasons." Id. (quoting Nietro v. L&H Packing Co., 108

F.3d 621, 624 n.7 (5th Cir. 1997) (citation omitted)). Second, the plaintiff does not have

to "specifically" identify persons outside of her protected class that were treated more

favorably than she was with respect to the termination of their employment. See Sparrow,

216 F.3d at 1114; see also Krieger, 211 F.3d at 136 (stating that a complaint "need not

plead law or match facts to every element of a legal theory"). Finally, the plaintiff has

provided sufficient facts that could give rise to an inference of discrimination. In

Newman, the plaintiff sued a bookstore company because its employees allegedly

"deprived him of his right to make a contract in violation of 42 U.S.C. § 1981[, the Civil

Rights Act of 1964]." 530 F. Supp. 2d at 347.  Specifically, the plaintiff alleged that he

was "inappropriately profiled and targeted for surveillance based on his race" by the

defendant's employees and that this "hostile and discriminatory treatment . . . prevented

him from making a purchase at the store." Id. at 348. The defendant moved to dismiss the

plaintiff's case on the ground that Newman had not alleged facts sufficient to establish a

discrimination claim under § 1981. Another judge of this Court disagreed, concluding

that the plaintiff had successfully pled facts that supported an inference of discriminatory

conduct. Id. at 349. This conclusion was reached because the plaintiff detailed the events

leading up to his alleged discriminatory treatment and asserted that white customers were

treated more favorably than he had been treated. Id. This, the Court found, "put the

defendant on notice of the nature of the [plaintiff's] allegations." Id. (citation omitted).

Again, the plaintiff detailed in her complaint the events leading up to her termination, Compl. ¶ 6-13, alleges that her termination was motivated by racism, and that other similarly situated employees were treated more favorably, id. ¶ 16. The plaintiff goes even further to support her claim of discrimination, stating that "other employees who were not black or of Jamaican ancestry were allowed to have witnesses at disciplinary meetings and were not fired for making such a request." Pl.'s Opp'n ¶ 22. This is clearly sufficient to survive the defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

        B.      The Defendant's Summary Judgment Motion

In addition to its dismissal motion, the defendant requests summary judgment in the alternative. As the basis for this request, the defendant states that "[t]o the extent the Court is required to consider matters outside of the pleadings, then this [m]otion [to dismiss] should be treated as one for summary judgment pursuant to [Federal Rule of Civil Procedure 12(b)]." Def's Mot. at 1 n.1. In response, the plaintiff notes that the defendant filed its summary judgment motion before she had the opportunity to conduct discovery and that discovery could uncover further evidence of discrimination. Pl.'s Mem. at 22. The plaintiff therefore asserts that even considering the defendant's summary judgment motion at this stage in the proceedings would be premature, as courts normally "allow all parties both 'a reasonable opportunity to present all material made pertinent to such a motion by Rule 56' and a chance 'to pursue reasonable discovery.'" Pl.'s Mem. at 22. The plaintiff opines that discovery could disclose:

> information describing all the reasons for any defenses
> raised, all information regarding her alleged replacements,
> all information regarding the defendant's disciplinary
> policies, including its conduct of disciplinary interviews, all

> evidence, including races and ethnic backgrounds of
> persons who have received disciplinary interviews and
> whether they were allowed witnesses, evidence of other
> racial or ethnic discrimination cases involving the
> defendant and other, similar information.

Id.

In discrimination cases, summary judgment "must be approached with special caution." Ross v. Runyon, 859 F. Supp. 15, 21-22 (D.D.C. 1994) (citing McCoy v. WGA Continental Broad. Co., 957 F.2d 368, 370-71 (7th Cir. 1992) ("general standard [for summary judgment] is applied with added rigor in employment cases")).

> While summary judgment can properly be granted at [the]
> stage of the proceedings in some cases, it is often difficult
> for a plaintiff to offer direct proof of an employer's
> discrimination. For that reason, summary disposition of
> Title VII cases is not favored and the court 'must be extra-
> careful to view all the evidence in the light most favorable'
> to the plaintiff.

Amiri v. Wash. Hilton, 360 F. Supp. 2d 38, 42 (D.D.C. 2003) (plaintiff's Title VII claim not dismissed and summary judgment not granted due to the lack of the opportunity to conduct discovery) (citation omitted). To facilitate this enhanced level of care, litigants in discrimination cases are "entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of Rule 8." Bennett, 153 F.3d at 519 (citation omitted).  The Court therefore agrees with the plaintiff's position that she must be accorded the opportunity to conduct discovery before affording and the defendant the opportunity to seek summary judgment.   Accordingly, the defendant's motion for summary judgment on the plaintiff's § 1981 claim must be dismissed without prejudice pending the parties opportunity to conduct full discovery.

## IV.  CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss must be

**DENIED** and its motion for summary judgment must be **DENIED WITHOUT**

**PREJUDICE**.

SO ORDERED this 10th day of October, 2008.[1]

_____/s/_____
REGGIE B. WALTON
United States District Court Judge

---

[1]       The Court issued an Order consistent with this Memorandum Opinion on September 30, 2008.